[No. 2647.   Decided August 26, 1897.]

THE STATE OF WASHINGTON *on the Relation of J. J.
Rippetoe,* v. NEAL CHEETHAM, *Auditor of the State
of Washington.*

POWER OF STATE AUDITOR TO ISSUE CERTIFICATES OF INDEBTEDNESS—
REPEAL OF STATUTE — VETOED APPROPRIATION — EFFECT OF SUBSE-
QUENT GENERAL LAW.

Section 22 of the act of March 27, 1890, empowering the state
auditor to issue certificates of indebtedness in cases where there
is no appropriation for claims audited and allowed by him, was
repealed by Laws 1895, p. 58, providing that " it shall be unlaw-
ful for any of the state officers or trustees, managers, directors,
superintendents or boards of commissioners of any of the public
institutions of the state of Washington, or for the officers of any
of the departments of the state of Washington, to create a de-
ficiency, incur liability, or to expend a greater sum of money
than is appropriated by the legislature for the use of said public
institution or department."

Laws 1895, p. 58, applies to cases in which no appropriation
has been made, and to those in which an appropriation by the
legislature has been vetoed by the governor.

The subsequent passage at the same legislative session of a
general act establishing a general uniform system of public
schools, which covers the method of conducting normal schools

and the auditing and allowance of claims for expenses incurred, would not work a nullification of the veto of a special item in the general appropriation bill providing for the maintenance of one of the state normal schools.

*Original Application for Mandamus.*

*Graves, Wolf & Graves,* for relator.

*Patrick Henry Winston,* Attorney General, for respondent.

The opinion of the court was delivered by

DUNBAR, J.—This is an original action in mandamus to compel the state auditor to issue a certificate to the plaintiff, the principal of the Cheney Normal School, for the sum of two hundred (200) dollars, stipulated price for a month's salary as president of said normal school. It is conceded that the plaintiff was duly appointed principal of said school by the board of trustees of said institution prior to the first day of April, 1897, and contracted with them to act as principal of said school for said month of April at the agreed and stipulated price and salary of two hundred (200) dollars; that he duly qualified as such principal and entered on the performance of the duties thereof, and that he continued in the said office of principal, and performed the duties thereof, with the knowledge and consent and approval of the said board of trustees, and carried on the said normal school in that capacity during the said month of April, and that his said salary, by the contract with the board, was payable monthly, and that said salary should continue at the sum of two hundred (200) dollars per month, payable monthly, so long as he should perform the duties of said office.

A demurrer was filed to this petition to the effect that it did not state facts sufficient to constitute a cause of action, and the case is to be determined here upon the demurrer. The refusal of the auditor to issue the certificate

prayed for was based upon the action of the governor in vetoing the appropriation for the Normal School of Cheney, which appropriation was passed by the last legislature. It is conceded by the plaintiff that the auditor could not be compelled to issue a warrant in his favor, but that he can be compelled to issue the certificate demanded under the provisions of section 22 of the act of March 27, 1890 (Laws 1889-90, p. 641). Whether this is a case that would fall within the provisions of said act is not necessary to determine, for we are satisfied that such provisions were annulled by the act of March 7, 1895, p. 58, § 1 of which is as follows:

" That it shall be unlawful for any of the state officers or trustees, managers, directors, superintendents or boards of commissioners of any of the public institutions of the state of Washington, or for the officers of any of the departments of the state of Washington, to create a deficiency, incur liability, or to expend a greater sum of money than is appropriated by the legislature for the use of said public institution or department."

And section 2 provides the penalty for violation of the provisions of section 1.

It is claimed, however, by the plaintiff that this act does not apply because it is alleged that it is impossible to receive an appropriation when there has been no appropriation and it is impossible to incur liability or spend a greater sum than appropriated, when none has been appropriated. We do not think this reasoning is sound. It seems to us that this is exactly the kind of case which was intended to be met by the act just above quoted, and if, as is argued by the plaintiff, this certificate constitutes no claim against the state, then the court should not be called upon to compel a state officer to do a useless thing. The governor is clothed by the constitution with authority to veto. He is a part of the legislative department, and has

exercised his constitutional right to veto this appropria-
tion, and the veto act has all the force and effect of an
act of the legislature refusing to make the appropriation.
No appropriation, then, having been made, the act of March
7, 1895, is conclusive of this case.

It is also insisted by the plaintiff, and is true, that by
the fifth subdivision of section 215, act of March 19, 1897,
it is made the duty of the trustees to audit all accounts
and certify bills allowed to the auditor, and it is then made
his duty to draw warrants for such as he may find to have
been properly or legally allowed.  This bill was signed by
the governor four days after he had vetoed the appropria-
tion for the Cheney Normal School, and it is contended
that the fact, that this bill especially provides for this school
and directs the trustees to conduct it, would work a repeal
of the act of 1895, and also that, being a later act than
the act of the governor in vetoing the appropriation, it
would have the effect of repealing, in a sense, the veto.
We do not think this contention can be sustained.  The
act of March 19, 1897, is a general act relating to the
conducting of schools generally.  It is known as the code
of public instruction of the state of Washington, and is an
act to establish a general uniform system of public schools
in this state.  It is true that the Cheney Normal School
is included in an enumeration of the various normal schools
then in existence, but other normal schools were included in
the bill, the appropriations for which had not been vetoed,
and we know of no rule of interpretation which would
warrant us in holding that the passage of this general act
worked a nullification of the veto of a special item in the
general appropriation bill.

We think the complaint does not state facts sufficient
to constitute a cause of action against the auditor, and the
demurrer will therefore be sustained.

SCOTT, C. J., and REAVIS and ANDERS, JJ., concur..